```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
LEILA MAPEL,                            : 12 Civ. 6863 (RA) (JCF)
                                        :
            Plaintiff,                  :      REPORT AND
                                        :      RECOMMENDATION
   - against -                          :
                                        :
REGIS CORPORATION d/b/a JEAN            :
LOUIS DAVID,                            :
                                        :
            Defendant.                  :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:

Defendant Regis Corporation ("Regis") asks the Court to enforce a settlement agreement allegedly entered into during a court-ordered mediation session on May 23, 2013. I recommend granting the motion.

Background[1]

Pro se plaintiff Leila Mapel filed a complaint against her employer, Regis, alleging that she was discriminated against on the basis of her race in violation of federal and state law. (Complaint, ¶ 40). The case was referred for mediation to the Court's Alternative Dispute Resolution Program, and Ms. Mapel was

---

[1] These facts are drawn from the record in this case and from the declaration of Caitlin S. Ladd, Esq., who was counsel for the defendant at the time of the mediation (Declaration of Caitlin S. Ladd, Esq., dated Oct. 24, 2013 ("Ladd Decl."), ¶¶ 1, 3). The plaintiff has not submitted any substantive response to this motion. Instead, Ms. Mapel submitted a copy of an order from the Hon. Ronnie Abrams, U.S.D.J., requiring Ms. Mapel to file her opposition to the defendant's motion "no later than December 31, 2013 or the Court will consider the motion fully briefed and will decide the motion." (Order signed by Plaintiff filed on Dec. 30, 2013, at 1 (docketed as Letter)). The plaintiff simply added her own signature to this order and returned it to the Court. Ms. Mapel has therefore foregone her opportunity to dispute facts or present opposing legal argument.

1

assigned pro bono counsel from Seton Hall Law School's Conflict Management Program for the limited purpose of representing her during the mediation. (Order dated March 22, 2013; Notice of Limited Appearance of Pro Bono Counsel dated April 27, 2013).

Accompanied by their respective counsel, the plaintiff and a representative of Regis attended the mediation. (Ladd Decl., ¶ 3). After several hours of negotiation, the parties agreed that Ms. Mapel would dismiss this action in exchange for $13,000. (Ladd Decl., ¶ 4). They further agreed on a mutual release, the timing of payment of the settlement amount, the allocation of that amount (as between the portion attributed to emotional distress and the portion attributed to lost wages), a "no rehire" provision, and a "neutral reference" provision. (Ladd Decl., ¶ 5-6). Ms. Mapel and defendant's attorney then signed a document stating that, following mediation, the parties had reached a settlement agreement and would file appropriate papers. (Ladd Decl, ¶ 8 & Exh. A ("Acknowledgment of Settlement").

Approximately one week later, one of the law students who assisted in representing Ms. Mapel at the mediation telephoned defendant's counsel to say that the plaintiff had revoked the agreement; she followed up with an e-mail "confirm[ing] [] Ms. Leila Mapel's revocation of the settlement agreement." (Ladd Decl., ¶¶ 10-11 & Exh. B).

Discussion

It is well-settled that "[p]arties can enter into binding oral agreements." Figueroa v. City of New York, No. 05 Civ. 9594, 2011

WL 309061, at *3 (S.D.N.Y. Feb. 1, 2011) (citing Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1985)). "Where the parties intend to be bound, an oral settlement of a litigation is binding even if a party later changes his or her mind." Id. (citing Powell v. Omnicom, 497 F.3d 124, 129-30 (2d Cir. 2007); Foster v. City of New York, No. 96 Civ. 9271, 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000) ("This Court must enforce a binding oral agreement, notwithstanding that plaintiff may have had a change of heart.")).

When determining if a settlement agreement is binding, whether it was reduced to writing or made orally, the burden lies with the party seeking enforcement. "'A party seeking to enforce a purported settlement agreement has the burden of . . . demonstrat[ing] that the parties actually entered into such an agreement.'" Min v. Target Stores, 553 F. Supp. 2d 218, 221 (E.D.N.Y. 2008) (alterations in original) (quoting Benicorp Insurance Co. v. National Medical Health Card Systems, Inc., 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006)).

The Second Circuit has set forth several factors to be considered in determining whether parties intended to be bound by an agreement in the absence of a document executed by both sides:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Winston, 777 F.2d at 80; accord Powell, 497 F.3d at 129; Abel v.

3

Town Sports International Holdings, Inc., No. 09 Civ. 10388, 2010 WL 5347055, at *4 (S.D.N.Y. Dec. 23, 2010).

 A. Express Reservation

The first Winston factor focuses on whether either party reserved the right not to be bound prior to a writing.

> Although this factor is phrased in terms of 'express' reservations, courts -- including the court in Winston -- also analyze whether the particular facts and circumstances of the case -- such as the nature of the negotiations or the language of any draft agreements -- demonstrate an implied reservation of the right not to be bound until the execution of a written agreement.

Lindner v. American Express Corp., No. 06 Civ. 3834, 2007 WL 1623119, at *6 (S.D.N.Y. June 5, 2007).  Here, there is no indication that either party reserved the right not to be bound in the absence of a writing, either expressly or implicitly.  Indeed, they signed a document memorializing the fact that they had come to an agreement (Acknowledgment of Settlement), indicating that they intended to be bound prior to the drafting and executing of a formal settlement agreement.

 B. Partial Performance

With respect to the second factor, neither party has undertaken any performance.  The defendant did not pay Ms. Mapel the agreed-upon sum of money (or any amount of money, for that matter), and the plaintiff has not terminated her action against the defendant.  Therefore, this factor does not weigh in the balance. See Cook v. Huckabey, No. 07 CV 4467, 2009 WL 3245278, at *5 (E.D.N.Y. Oct. 1, 2009); Collick v. U.S., 552 F. Supp. 2d 349, 354 (E.D.N.Y. 2008) ("Here, in accordance with the proposed

Settlement Documents no payment was made to [the plaintiff] prior to execution, and there is no other evidence of partial performance under the agreement.").

### C. Agreement on All Terms

The parties agreed on all material terms: the settlement amount, including its allocation between lost wages and emotional distress, which affects tax treatment; the time at which the settlement payment would be made; the parties' responsibilities to each other after dismissal of the case and payment of the settlement amount; and a mutual release. (Ladd Decl., ¶¶ 4-5).

### D. Agreement Traditionally Reduced to Writing

The fourth factor is whether the agreement at issue is of a type that is usually committed to writing. "[S]ettlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." Collick, 552 F. Supp. 2d at 354 (quoting Ciaramella v. Reader's Digest Association, Inc., 131 F.3d 320, 326 (2d Cir. 1997)). Under federal common law, however, "parties are free to enter into settlement without memorializing their agreement in a fully executed document, and such agreements are as enforceable as any other oral contract." Figueroa, 2011 WL 309061, at *5 (internal quotation marks and citations omitted); see also Jarowey v. Camelot Entertainment Group, Inc., No. 11 Civ. 2611, 2012 WL 7785096, at *2-3 (S.D.N.Y. Sept. 10, 2012) (positing that New York statute requiring settlement agreements to be in writing does not apply in federal court). Furthermore, the straightforward settlement agreement at issue here, which releases

5

the defendants from liability in exchange for payment of $13,000, is neither complex nor has long-term effects; it is therefore not the type of agreement that would always require a writing. See, e.g., Britto v. Salius, 360 F. App'x 196, 199 (2d Cir. 2010) ("[A]greements of the sort committed to writing are generally ones that involve complex terms or have long-term effects."); Watson v. City of New York, No. 11 CV 335, 2012 WL 6006066, at *3 (E.D.N.Y. Oct. 24, 2012) (settlement agreement requiring payment of $13,500 in exchange for release of claims not sufficiently complex to require writing).  Thus, this factor also weighs in favor of finding the settlement agreement enforceable.

    The relevant factors clearly weigh in favor of the enforceability of the parties' oral agreement to settle this case.

Conclusion

    For the reasons set forth above, the defendants' motion to enforce the settlement agreement (Docket no. 31) should be granted. I further recommend that the defendant be directed to place the settlement amount in escrow, to be distributed to the plaintiff within two weeks of the date on which she provides the defendant with a signed release of her claims against the company.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Ronnie Abrams, Room 2203, 40 Foley Square, New York, New

York 10007, and to the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                Respectfully submitted,

                JAMES C. FRANCIS IV
                UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          January 28, 2014

Copies mailed this date to:

Leila Mapel
80-38 88th Rd.
Woodhaven, NY 11421

Caitlin S. Ladd, Esq.
Stephanie L. Aranyos, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019